BIGBY, Judge.
This is a suit to partition by licitation valuable property owned in indivisión by plaintiffs and defendants. The trial court ordered the partition and awarded plaintiffs $2750 for their attorney’s fee under the provisions of Louisiana Code of Civil Procedure Article 4613. Plaintiffs appealed seeking an increase in the amount of the award to $3500. We affirm.
There are three plaintiffs and three defendants. Counsel for plaintiffs handled all the necessary details and the partition proceeding was not contested.
A rule was filed to tax costs, including a reasonable fee for plaintiffs’ attorney, as required under C.C.P. 4613. C.C.P. 4613 provides in pertinent part:
Where there is no contest of the partition proceeding by any defendant, the court shall allow the attorney for the plaintiff a reasonable fee for his services. .
[T]he fee shall be taxed as costs of court and paid out of the mass of the funds or the property partitioned, or the proceeds of the latter if sold.
At the trial of the rule, Mrs. Florence Eleanor Hendrick Wray, one of the defendants, opposed the amount suggested as a reasonable fee for plaintiffs’ attorney. No appearance was made by any other defendant.
Just before the trial of the rule, the property was sold at the sheriff’s sale for $225,-000 and was bought in by Mrs. Wray’s husband.
The amount suggested by counsel for plaintiffs as reasonable was $3500. Counsel for Mrs. Wray suggested a reasonable fee would be $2000. The trial judge fixed the fee at $2750.
The sole issue to be decided is whether this is a reasonable fee as contemplated by C.C.P. Art. 4613.
The Code of Civil Procedure does not provide any factors to consider or any method by which to calculate a reasonable fee.
In Nations v. Excess Insurance Co., 377 So.2d 433 (La.App. 2d Cir. 1979), we said:
The fee awarded must be reasonable in view of the amount of recovery and the nature and extent of services rendered as indicated by the complexity of the issues involved. Each case depends on its own facts and circumstances. Mitchell v. Connecticut Indemnity Company, 161 So.2d 460 (La.App. 1st Cir. 1963).
This case was thoroughly prepared and completed by plaintiffs’ counsel. Counsel for plaintiffs-appellants states in his brief that it was necessary for him to first determine that the property could not be divided in kind. This included an examination of the plats of the property, discussion of the matter with the realtor and the surveyor or engineer who was familiar with the property, and preparation of the requisite testimony. He also had to prepare, and present to the court for approval, an agreement diminishing the statutory fee provided for the sheriff as auctioneer. Finally, counsel had to present evidence showing the plaintiffs were entitled to the partition by licitation, examine the partition proceedings conducted by the notary, and check for accuracy the newspaper ads which appeared in this matter.
The trial court, in overruling plaintiffs’ motion for a new trial, recognized that the amount for which counsel may bill may be higher than the official fee awarded and *1049 stated that under the circumstances the fee awarded was appropriate.
Our review of the pleadings reflects that the total record consisted of less than twenty full pages of pleadings, excepting those prepared in connection with the contest over the attorney fee award. There were only three defendants, all of whom were domiciled in Caddo Parish. The chain of title' does not appear to be very complex. Considering all of the circumstances and the work performed by plaintiffs’ attorney, we find the award of $2750 made by the trial court was adequate to compensate plaintiffs’ attorney for his services and was a reasonable fee within the contemplation of C.C.P. 4613.
The judgment is affirmed.